FILED
APR 15 2016
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:05CR264–HEH–1
)
DAVID OWENS, )
)
Petitioner. )

**MEMORANDUM OPINION**
**(Denying 28 U.S.C. § 2255 Motion)**

David Owens, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 75).[1] The Government has responded, asserting, *inter alia*, that Owens's § 2255 Motion is barred by the statute of limitations. (ECF No. 80.) For the reasons set forth below, Owens's § 2255 Motion will be denied.

## I. PROCEDURAL HISTORY

On June 2, 2005, the Government filed a Criminal Complaint against Owens, charging him with conspiracy to distribute a mixture and substance containing detectable amounts of heroin. (ECF No. 1, at 1.) On June 20, 2005, a grand jury charged Owens with one count of conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin. (Indictment 1, ECF No. 9.) After a one-day trial, a jury found Owens guilty of Count One. (ECF No. 42.) On November 18, 2005, the Court entered judgment

[1] The Court employs the pagination assigned to Owens's submissions by the CM/ECF docketing system. The Court corrects the capitalization, spacing, and punctuation in quotations from Owens's submissions.

against Owens and sentenced him to 300 months of imprisonment. (J. 2, ECF No. 61.) On November 16, 2006, the United States Court of Appeals for the Fourth Circuit affirmed Owens's conviction. *United States v. Owens*, 205 F. App'x 981, 983–84 (4th Cir. 2006).

On June 14, 2014, Owens placed the present § 2255 Motion in the prison mail system for mailing to this Court. (§ 2255 Mot. 13.) The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In his § 2255 Motion, Owens raises the following claims for relief:

> Claim One: "The predicate offenses for which the Movant was given career offender status were [*North Carolina v.*] *Alford*[, 400 U.S. 25 (1970)] pleas in the State of Connecticut. Per Second Circuit case law and the Supreme Court decision in *Descamps* [*v. United States*, 133 S. Ct. 2276 (2013)], the Court committed plain error." (§ 2255 Mot. 4.)
>
> Claim Two: "Ineffective assistance of trial counsel for failing to file a motion to suppress the original search of the vehicle for lack of probable cause as a pre-trial motion before the Court." (*Id.* at 5.)

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if

the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

**A. 28 U.S.C. § 2255(f)(1)**

Because Owens filed an appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on February 14, 2007, the last date to file a petition for certiorari in the Supreme Court. *See United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004); Sup. Ct. R. 13(1) (requiring that a petition for certiorari be filed within ninety days). Hence, Owens had until February 14, 2008 to file any motion under 28 U.S.C. § 2255. Because Owens did not file his § 2255 Motion until June 14, 2014, the motion is untimely under 28 U.S.C. § 2255(f)(1).

**B. Belated Commencement**

Owens contends that his § 2255 Motion is timely under 28 U.S.C. § 2255(f)(3) because the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), is a new right that is retroactively applicable to cases on collateral review. (§ 2255 Mot. 12; *see* also Br. Supp. § 2255 Mot. 2, ECF No. 77.)

In *Descamps*, the Supreme Court held that when determining whether a prior conviction qualifies as a predicate offense under the Armed Career Criminal Act

("ACCA"), "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, individual set of elements." 133 S. Ct. at 2282. Specifically, "*Descamps* held only that a conviction for burglary under California law does not categorically constitute a conviction for generic burglary, and thus cannot qualify as a predicate offense under the [ACCA] provision that references the generic crime." *United States v. Avila*, 770 F.3d 1100, 1106 (4th Cir. 2014) (citing *Descamps*, 133 S. Ct. at 2293). *Descamps*, however, is not a new right that triggers the belated commencement provision of 28 U.S.C. § 2255(f)(3). *See King v. United States*, 610 F. App'x 825, 828–29 (11th Cir. 2015); *United States v. Montes*, 570 F. App'x 830, 831 (10th Cir. 2014); *United States v. Mayes*, 2015 WL 5793645, at *2 (E.D. Va. Oct. 1, 2015); *United States v. Morejon*, 2015 WL 1477765, at *7 (W.D. Va. Mar. 31, 2015). Thus, Owens cannot rely on *Descamps* to render his § 2255 Motion timely filed under 28 U.S.C. § 2255(f)(3).

In his Reply, Owens asserts that "[t]he issues [presented in his § 2255 Motion] actually appear to be more in line with the Supreme Court's decisions in *Alleyne v. United States*, 570 U.S. __, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (June 17, 2013), and *Burrage v. United States*, 134 S. Ct. 881 [(2014)]." (Reply 1, ECF No. 81.) The Court construes Owens to argue that his motion is timely under 28 U.S.C. § 2255(f)(3) because the Supreme Court's decisions in *Alleyne* and *Burrage* are new rights that are retroactively applicable to cases on collateral review.

In *Alleyne*, the Supreme Court held "that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155.

Although *Alleyne* did announce a new rule of criminal procedure, the rule is not retroactive on collateral review. *See Crayton v. United States*, 799 F.3d 623, 624 (7th Cir. 2015); *Williams v. United States*, 2014 WL 526692, at *4 (W.D. Va. Feb. 7, 2014). Therefore, because the rule announced in *Alleyne* is not retroactive, Owens cannot rely upon it to render his § 2255 Motion timely filed under 28 U.S.C. § 2255(f)(3).

In *Burrage*, the Supreme Court interpreted the "death results" sentencing enhancement set forth in 21 U.S.C. § 841(b)(1)(C) and held that

> at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury.

134 S. Ct. at 892. The Court further held that "[b]ecause the 'death results' enhancement increase[s] the minimum and maximum sentences to which [a defendant is] exposed, it is an element that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 887 (citing *Alleyne*, 133 S. Ct. at 2162–63; *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). Owens fails to explain how *Burrage* is applicable to him, because he did not receive the "death results" sentencing enhancement.[2] Even if *Burrage* somehow was related to Owens's conviction, "several courts have already found that *Burrage* did not announce a new rule of constitutional law and that, even if it had, the Supreme Court did not make *Burrage* retroactively applicable." *Stewart v. United States*, 89 F. Supp. 3d

[2] Instead, Owens's 300-month sentence was based on the quantity of heroin involved in the offense, which subjected him to a "statutorily prescribed range of five to forty years," *Owens*, 205 F. App'x at 984 n.1 (citing 21 U.S.C. § 841(b)(1)(B) (2000)), and the fact that he was found to be a career offender which resulted in a sentencing guidelines range of 262 to 327 months. *Id.* at 983–84.

993, 996 (E.D. Wis. 2015); *see also United States v. Grady*, 2015 WL 4773236, at *4 (W.D. Va. Aug. 12, 2015). Therefore, because the rule announced in *Burrage* is also not retroactive, Owens cannot rely upon it to render his § 2255 Motion timely filed under 28 U.S.C. § 2255(f)(3). Thus, Owens has failed to demonstrate any basis for excusing his failure to comply with the statute of limitations.[3]

## III. CONCLUSION

For the foregoing reasons, Owens's § 2255 Motion (ECF No. 75) will be denied. The action will be dismissed as barred by the statute of limitations. The Court will deny a certificate of appealability.

An appropriate Order shall issue.

It is so ORDERED.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: April 15, 2016
Richmond, Virginia

[3] Moreover, neither Owens nor the record suggest a basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2) or (4), or for equitable tolling.