IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
SEP 16 2016
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:05CR264–HEH |
| ) | |
| DAVID OWENS, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
(Denying Rule 59(e) Motion)

By Memorandum Opinion and Order entered on April 15, 2016, the Court denied Owens's motion pursuant to 28 U.S.C. § 2255 because it was barred by the applicable one-year statute of limitations. *United States v. Owens*, No. 3:05CR264–HEH, 2016 WL 1562917, at *3 (E.D. Va. Apr. 15, 2016). On May 16, 2016, the Court received from Owens a motion seeking relief under Fed. R. Civ. P. 59(e) ("Rule 59(e) Motion," ECF No. 86).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v.*

*Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Owens apparently relies on the third ground for relief, arguing that because his § 2255 Motion was filed as a "continuation of [his] prior criminal action[,] there should be no 'statute of limitations on when a 2255 Motion may be filed in this cause of action." (Rule 59(e) Mot. 2.)[1] Owens further argues that "the merest implication of a defendant's constitutional rights being violated by a sentencing court . . . should by itself be enough to toll the procedural bar which has been raised by the Government in this case." (*Id.* at 3.) Owens's arguments for exempting his case from the relevant statute of limitations are frivolous. Moreover, "mere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 944 F.2d at 1088.

In his § 2255 Motion, Owens asserted that, under *Descamps v. United States*, 133 S. Ct. 2276 (2013), he was erroneously sentenced as a career offender because he had entered *Alford*[2] pleas in the two predicate offenses. In his Rule 59(e) Motion, Owens now asserts that he was erroneously sentenced as a career offender pursuant to the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). (Rule 59(e) Mot. 6.)

---

[1] The Court utilizes the pagination assigned to Owens's Rule 59(e) Motion by the CM/ECF docketing system. The Court corrects the capitalization and punctuation in quotations from Owens's Rule 59(e) Motion.

[2] *North Carolina v. Alford*, 400 U.S. 25 (1970).

2

As the Supreme Court noted,

> [u]nder the Armed Career Criminal Act [("ACCA")] of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that "involves conduct that presents a serious potential risk of physical injury to another."

*Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)). This part of the definition of violent felony "ha[s] come to be known as the Act's residual clause." *Id.* The *Johnson* Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Id.* at 2563. In *Welch*, the Court held that "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review." 136 S. Ct. at 1268. Recently, the United States Court of Appeals for the Fourth Circuit has suggested that the Supreme Court's decision in *Johnson* may apply retroactively to render unconstitutional the residual clause of United States Sentencing Guideline ("U.S.S.G.") § 4B1.2(a)(2), which categorizes a crime of violence as including "conduct that presents a serious potential risk of physical injury to another." *See In re Hubbard*, 825 F.3d 225, 235 (4th Cir. 2016). The Court need not reach that issue at this juncture, because even if *Johnson* did apply retroactively and rendered the residual clause in § 4B1.2(a)(2) unconstitutional, Owens is not entitled to relief.

Owens was sentenced as a career offender because of his "two prior felony convictions for drug distribution: Selling Narcotics and Unlawful Possession With Intent to Distribute Cannabis; and one prior conviction for a crime of violence: Assault 1st

Degree." (Presentence Report ¶ 35.) Even if Owens's prior conviction for a crime of violence was excluded, Owens would still qualify as a career offender because of his two prior felony drug distribution convictions. *See* U.S.S.G. § 4B1.1(a). Accordingly, the Supreme Court's decisions in *Johnson* and *Welch* provide no basis for relief, and Owens's Rule 59(e) Motion (ECF No. 86) will be denied.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Owens has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Owens and counsel for the Government.

It is so ORDERED.

                                                  /s/
                                    HENRY E. HUDSON
                                    UNITED STATES DISTRICT JUDGE

Date: Sept. 16, 2016
Richmond, Virginia